# IN RE PAYMENT OF PERSONAL PROPERTY TAXES.
## STATE v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

April 5, 1918.

No. 20,385.

**Taxation of railway property.**

1. Stocks and bonds of terminal companies used by defendant as part of its railway system are property owned and used for railway purposes within the meaning of the gross earnings statute. [Reporter.]

**Same.**

2. Bonds of a milling company were taken in payment of freight when the milling company was embarrassed financially. The finding of the trial court that they had not been held an unreasonable time or for such time as to separate them from the ordinary working capital of defendant company, is supported by the evidence. [Reporter.]

In the matter of proceedings in the district court for Ramsey county to collect delinquent personal property taxes for the year 1915, defendant railway company filed an answer, which alleged that defendant had regu-

[1]Reported in 167 N. W. 298.

larly paid a gross earnings tax to the state of Minnesota pursuant to law, that the stock and bonds of various companies held by it and taxed, were acquired and held for railway purposes, and the payment of a gross earnings tax commutes the taxes on all its property used for railway purposes. The matter was heard before Michael, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings and conclusions or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, *Egbert S. Oakley,* Assistant Attorney General, *Richard D. O'Brien,* County Attorney, and *Patrick J. Ryan,* Assistant County Attorney, for appellant.

*George W. Peterson* and *James B. Sheean,* for respondent.

PER CURIAM.

This is a proceeding against the defendant railway company to enforce personal property taxes delinquent in Ramsey county. There was judgment for the defendant and the state appeals.

The defendant is a Wisconsin corporation. It has its principal operating and traffic office in St. Paul. It owns stock and bonds of terminal companies in St, Paul, Minneapolis and Superior, and to two of them has made advances. These terminals are used by the company as a part of its railway system. The court found that the property sought to be assessed was property owned and used for railway purposes within the meaning of the gross earnings statute. This feature of the case is controlled by State v. Northern Pacific Ry. Co. supra, page 473, 167 N. W. 294, and the court's finding is sustained.

The defendant owns $1,500 in bonds of the Pillsbury-Washburn Company. These bonds were taken in payment of freight when the company was embarrassed and not otherwise able to pay. The date when acquired is not shown. The court found that they had not been held an unreasonable length of time or for such length of time as to separate them from the ordinary working capital of the company. Its finding is sustained.

Judgment affirmed.

Bunn, J., took no part.